1 | Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
2 | Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
3 | **WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 950
4 | Costa Mesa, California 92626
Telephone    714-966-1000
5 | Facsimile    714-966-1002

6 | Proposed Attorneys for
Debtors and Debtors-in-Possession
7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11 | In re

Case No. 8:18-bk-10969-SC and 8:18-bk-10972-SC

12 | LUMINANCE RECOVERY CENTER, LLC,
a California limited liability company, *et al.*,

Chapter 11

13 |

14 | Debtors and
Debtors-in-Possession.

**NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF ANTHONY ARNAUDY AND BETH E. GASCHEN FILED IN SUPPORT THEREOF**

15 | Affects:

16 | ☒  All Debtors

17 | ☐  Luminance Recovery Center, LLC, ONLY

18 | ☐  Luminance Health Group, Inc., a California corporation, ONLY

19 |

**[No Hearing Required Pursuant to Local Bankruptcy Rules 1051-1 and 9013-1(q)]**

20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATE BANKRUPTCY**

2 **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER**

3 **INTERESTED PARTIES:**

4 **PLEASE TAKE NOTICE** that Luminance Recovery Center, LLC and Luminance

5 Health Group, Inc., the debtors and debtors-in-possession (collectively, the "Debtors") in

6 the above-captioned cases (the "Cases"), hereby move (the "Motion") ex parte for entry of

7 an order authorizing the joint administration of the Cases including: (i) the use of a single

8 docket for administrative matters; (ii) combining notices to creditors and parties in interest;

9 (iii) scheduling joint hearings; (iv) combining financial reporting; (v) joint and several

10 liability for professional fees and costs; and (vi) the joint handling of other administrative

11 matters pursuant to section 105(a) of the Bankruptcy Code, Rule 1015 of the Federal

12 Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 1015-(1)(b) of the Local

13 Bankruptcy Rules ("Local Rules").

14 The Motion is based on this Notice and Motion, the Memorandum of Points and

15 Authorities included herewith, and the attached Declarations of Anthony Arnaudy and

16 Beth E. Gaschen.

17 **PLEASE TAKE FURTHER NOTICE** that the Debtors request that this Motion be

18 considered on an ex parte basis.  The Debtors have determined that the most efficient

19 and effective manner in which to administer their respective Cases is to seek an order

20 authorizing joint administration.  Joint administration of the Cases will allow the Debtors to

21 benefit from increased efficiency because they will not be required to review and

22 separately respond to similar motions, filings and other pleadings that would otherwise be

23 filed in the separate Cases.  Joint administration will potentially save the Debtors' estates

24 tens of thousands of dollars in administrative fees and costs, save the Court numerous

25 hours in setting and hearing matters, and in reviewing separate sets of virtually identical

26 pleadings in the two Cases.  As the Debtors are filing multiple first day motions, it is

27 essential to seek the relief requested in this Motion on an ex parte basis in order to

28 1159925.1

1

EX PARTE MOTION FOR JOINT
ADMINISTRATION

1  accomplish the goal of preserving the time and resources of the Debtors, the Court, and

2  other parties in interest, as the alternative would be to file identical pleadings in both

3  cases with hearings on each and every motion.  Joint administration will also ease the

4  burden on the Office of the United States Trustee in supervising the Cases.

5        The Debtors do not request substantive consolidation of their Cases at this time.

6  Nothing contained in this Motion is intended to compel substantive consolidation of the

7  assets of the Debtors' respective estates.  Since the Debtors require only joint

8  administration of the Cases, no substantive rights will be prejudiced by the relief

9  requested herein, and no conflicts will result therefrom.  Accordingly, the Debtors request

10  that the Motion be granted.

11        Pursuant to Local Rules 1015-1 and 9013-1(q), the Court may grant the Motion

12  without notice or a hearing.

13

14  Dated:  March 21, 2018                    WEILAND GOLDEN GOODRICH LLP

15

16                                        By:  */s/ Beth E. Gaschen*
17                                            JEFFREY I. GOLDEN
                                            BETH E. GASCHEN
                                            Proposed Attorneys for
18                                          Debtors and Debtors-in-Possession

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1159925.1

2

EX PARTE MOTION FOR JOINT
ADMINISTRATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF FACTS**

    **A.    Jurisdiction and Venue**

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    **B.    The Debtors and the Chapter 11 Filings**

On March 19, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court").  The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner and no committee has yet been appointed or designated in the Cases.

Luminance Health Group, Inc. ("LHG") and Luminance Recovery Center, LLC ("LRC"), were founded by Michael Castanon in 2015.  The Debtors began operations in April 2015.  Headquartered in San Juan Capistrano, California, the Debtors were a leading substance abuse and dual diagnosis treatment center that provided a continuum of care to clients struggling with addiction and co-occurring disorders.  The Debtors provided treatment to both men and women over the age of 18, with individualized treatment plans and dual diagnosis support.  Programs included detoxification, residential treatment and extended care options, all utilizing a combination of traditional therapeutic methods and holistic healing.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1159925.1

3

EX PARTE MOTION FOR JOINT
ADMINISTRATION

1    The Debtors began with locations at 1804 Via Sage, San Clemente, California and

2  29422 Clipper Way, Laguna Niguel, California (collectively, the "Residences") and 27126-

3  B Paseo Espada, San Juan Capistrano, California (the "Treatment Facility").  Over the

4  course of the next three years, the Debtors added an additional eight (8) Residences, the

5  last being added in June 2017.

6    Despite their success, the Debtors began to suffer some economic hardship in

7  2017.  In the ordinary course of business and is standard in the industry, the Debtors

8  would bill their patients' insurance company for the services that the Debtors provided to

9  the patients.  While the Debtors' gross billing and expenses rose throughout 2016 and

10  2017, the cash collection only increased marginally.  This was the biggest challenge that

11  both the industry and the Debtors' faced as insurance companies continued to put

12  pressure on reimbursement rates and timing of payments.  In 2017, the reimbursement

13  rate on claims realized was approximately 25% of the gross claims versus the 45% for

14  2016.  There was also an appreciable increase in the medical record requests made by

15  the insurance companies, which added at least 90-120 days to the duration of claim

16  collections, and was tying up a large portion of the Debtors' accounts receivable balance.

17    In addition to the problems created by the insurance companies, the Debtors'

18  experienced a larger than expected revenue drop at the end of 2017.  This meant the

19  Debtors had to cover operating losses by borrowing additional funds.  The higher debt

20  combined with higher accounts payable and more difficulties in collections, led to the

21  Debtors' decision to end their operations.  The Debtors ceased operations at the

22  Residences and the Treatment Facility in early March 2018.  A small amount of staff

23  remains to assist in the orderly winding down of the Debtors.

24    The goal of these Cases is to recover for the benefit of all creditors approximately

25  $5.5-$6 million in net account receivables that remain to be paid to the Debtors by the

26  insurance companies.  By filing, the Debtors hope to streamline this process, which can

27  be labor intensive, especially with the medical record requests, and finalize collections in

28  1159925.1

4

EX PARTE MOTION FOR JOINT
ADMINISTRATION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   the next approximately four to six months.  The Debtors knowledge of and experience in

2   the industry and its access to the required documentation will allow the Debtors to collect

3   the accounts receivable in a more efficient, less costly manner than a third party that is

4   unfamiliar with either.

5   **II.**      **PROPOSED PROCEDURE FOR JOINT ADMINISTRATION**

6           The Debtors propose the following procedure for joint administration:

7           (1)     The use of a single docket (*In re Luminance Recovery Center, LLC*, Case

8                   No. 8:18-bk-10969-SC) for administrative matters, including the filing,

9                   lodging, and docketing of pleadings and orders, and parties in interest shall

10                  be directed to use the caption attached hereto as Exhibit "1."  Each pleading

11                  or paper filed, however, shall indicate which of the Debtors is affected by or

12                  is a party to the subject filings;

13          (2)     The combining of notices to creditors and parties-in-interest;

14          (3)     The joint scheduling of hearings;

15          (4)     The combining of financial reporting by the two Debtors;

16          (5)     The joint and several liability of the estates for allowed professional fees and

17                  costs and the consolidated billing of professional fees and expenses;

18          (6)     The joint handling of other administrative matters; and

19          (7)     Notice of the joint administration of the estates will be separately filed and

20                  docketed in each of the Cases in substantially the form of the proposed

21                  notice attached as Exhibit "2" to the Motion.  On all other Court dockets for

22                  the related Cases, creditors and parties-in-interest will be directed to

23                  Luminance Recovery Center, LLC's docket to locate all pleadings filed

24                  subsequent to the date on which the Court enters an order authorizing the

25                  joint administration of the Cases.

26

27

28   1159925.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

EX PARTE MOTION FOR JOINT
ADMINISTRATION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**III.    JOINT ADMINISTRATION OF THE CASES WOULD YIELD SUBSTANTIAL**

**ADMINISTRATIVE BENEFITS**

Bankruptcy Rule 1015(b) provides that joint administration may be appropriate

when two or more related debtor entities have filed for protection under the Bankruptcy

Code.  Bankruptcy Rule 1015 provides:

> If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. Proc. 1015(b).  Joint administration is typical when related business

entities file for chapter 11 bankruptcy relief and seek to employ similar reorganization

strategies, and when the success of one entity may depend on success of another.  *See* 9

COLLIER ON BANKRUPTCY, ¶ 1015.03 (15th ed. rev. 2008).

Bankruptcy Rule 1015 promotes the fair and efficient administration of related

cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly

prejudiced.  *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re

H & S Transportation Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985).  As set forth in the

official 1983 Advisory Committee Note to Rule 1015:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

The Cases present the classic situation for joint administration as numerous cords

of administrative commonality connect the Debtors, militating in favor of the central

administration of the Cases.  Joint administration will increase the Debtors' chances of a

successful reorganization as it will avoid wasting resources that would result through the

duplication of effort if the Cases were to proceed separately and the same motions and

1  applications were required to be filed in each Case.  It will permit each of the Debtors to

2  respond more efficiently to the demands of their creditors and will reduce attorneys' fees,

3  copying costs, mailing costs and other costs of administering the Cases.  The Debtors'

4  creditors stand to benefit from the increased efficiency of administration anticipated

5  through joint administration because creditors will not be required to review duplicative

6  motions and other pleadings that would otherwise be filed in the separate cases.

7  Moreover, through joint administration of the Cases, this Court and the Bankruptcy Court

8  Clerk's office will be relieved of the burden of having to file and maintain dockets and case

9  files for a large number of nearly identical pleadings in the Cases.  It will also ease the

10  burden of the Office of the United States Trustee in supervising the Cases.

11         The Debtors will be jointly and severally liable for all of the administrative

12  professional fees and expenses incurred in the Cases.  All fees and costs will be charged

13  to the lead case and only one joint fee application need be filed by any professional.

14  Many of the services provided by the professionals will benefit both of the Debtors and it

15  would time-consuming to allocate various services provided by the professionals among

16  the Cases.

17         The rights of the Debtors' respective creditors will not be adversely affected by joint

18  administration of the Cases.  The Debtors do not propose at this point to take any action

19  that would constitute substantive consolidation of their estates, but are merely seeking

20  authorization for procedural measures that will simplify and facilitate the efficient

21  administration of their Cases.

22         By reason of the foregoing, joint administration of the Cases is in the best interests

23  of all interested parties.

24  **IV.    NO NOTICE AND NO HEARING IS REQUIRED**

25         Local Rule 1015-1(b) expressly provides that the Court can order joint

26  administration without notice and a hearing:

27

28  1159925.1

EX PARTE MOTION FOR JOINT
ADMINISTRATION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    If 2 or more cases are pending before the same judge, an order
     of joint administration may be entered, without further notice and
2    an opportunity for hearing, upon the filing of a motion for joint
     administration pursuant to FRBP 1015 and LBR 9013-1(q),
3    supported by a declaration establishing that the joint
     administration of the cases is warranted, will ease the
4    administrative burden for the court and the parties, and will
     protect creditors of the different estates against potential
5    conflicts of interest.

6    Accordingly, pursuant to Local Rule 1015-1(b), the Court may order the joint

7    administration of the Cases without notice or a hearing.

8    **V.    CONCLUSION**

9          The primary goal of a chapter 11 reorganization is to maximize the value of a

10   debtor's estate for the benefit of creditor and equity constituencies.  Related to that goal,

11   and of significant importance as well, is the efficient administration of the bankruptcy case

12   so that the debtor-in-possession can emerge quickly and begin distributions.  Both of

13   these goals will be furthered by permitting the joint administration of the Cases as sought

14   in this Motion.

15

16   Dated:  March 21, 2018                    WEILAND GOLDEN GOODRICH LLP

17

18                                             By:  */s/ Beth E. Gaschen*
                                                    JEFFREY I. GOLDEN
19                                                  BETH E. GASCHEN
                                                    Proposed Attorneys for
20                                                  Debtors and Debtors-in-Possession

21

22

23

24

25

26

27

28   1159925.1

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

EX PARTE MOTION FOR JOINT
ADMINISTRATION

1

## **DECLARATION OF ANTHONY ARNAUDY**

2

3      I, Anthony Arnaudy, declare as follows:

4      1.      I am the Chief Financial Officer ("CFO") of the debtors and debtors-in-

5  possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases").  I have

6  served as Chief Financial Officer since August, 2017.  In my role as CFO, I am

7  responsible for: (i) management of the finance, accounting and billing departments; and

8  (ii) assisting in raising capital, investor presentations, modeling, cash flow, income, and

9  working capital projections; (iii) treasury and cash management (collections); (iv) payroll

10  and accounts payable; and (v) general accounting.

11      2.      As a result of my tenure with the Debtors, my extensive day to day

12  experience with the financial matters impacting the Debtors' operations, my review of

13  relevant documents, and my discussions with other members of the Debtors'

14  management in the ordinary course of business, I am familiar with the Debtors' day-to-day

15  operations, business affairs, and books and records.  Except as otherwise noted, I have

16  personal knowledge of the matters set forth herein and, if called as a witness, could testify

17  competently thereto.  Except as otherwise stated, all facts set forth in this Declaration are

18  based on my personal knowledge, my discussions with other members of the Debtors'

19  senior management, my review of relevant documents, or my opinion, based on my

20  experience and knowledge of the Debtors' operations and financial conditions.  I am

21  submitting this declaration in support of the Ex Parte Motion for Joint Administration

22  Pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 1015, and Local

23  Bankruptcy Rule 1015-1 (the "Motion").  All terms not defined herein shall have the

24  meanings ascribed to them in the Notice and Motion.

25      3.      The Debtors are requesting that their Cases be jointly administered for

26  procedural purposes.  The Debtors seek to have LRC's case designated the lead case of

27  the jointly administered estates.

28  1159925.1

**Weiland Golden Goodrich LLP**
6500 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

EX PARTE MOTION FOR JOINT
ADMINISTRATION

1    4.    I believe that the joint administration of the Cases will avoid the unnecessary

2  time and expense of duplicative motions, applications, other pleadings, orders, and

3  related notices, which would otherwise need to be filed in each separate case absent joint

4  administration.  It will permit the Debtors to respond more efficiently to the demands of

5  their creditors and will reduce attorneys' fees, copying costs, mailing costs and other costs

6  of administering the Cases.  In addition, the Debtors' creditors will not be required to

7  review identical motions and other pleadings that would otherwise have to be filed in

8  twenty-five separate cases.  Moreover, joint administration will relieve this Court of the

9  burden of setting and hearing duplicative matters, entering duplicative orders and

10  maintaining duplicative files.  Joint administration will also ease the burden on the Office

11  of the United States Trustee in supervising the Cases, and the Clerk's office in

12  performance of its duties in the Cases.

13    5.    Numerous cords of administrative commonality connect the Debtors,

14  militating in favor of the central administration of the Cases.  They collectively operated as

15  a drug and alcohol treatment program and collectively generated the accounts receivables

16  that remain to be collected.  Joint administration will increase the Debtors' chances of a

17  successful chapter 11 process.  Accordingly, I believe that joint administration will save

18  considerable time and expense for the Debtors, the Clerk of the Court, the United States

19  Trustee, and other parties in interest, which will, in turn, result in substantial savings for

20  the Debtors' estates.

21    6.    The Debtors will be jointly and severally liable for all of the administrative

22  professional fees and expenses incurred in the Cases.  All fees and costs will be charged

23  to the lead case and only one joint fee application need be filed by any professional.

24  Many of the services provided by the professionals will benefit both of the Debtors and it

25  would time-consuming to allocate various services provided by the professionals among

26  the Cases.

27

28  1159925.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

10

EX PARTE MOTION FOR JOINT
ADMINISTRATION

1

7.    I do not believe that creditors will be adversely affected by joint

2  administration of the Cases.  At this time, the Debtors are not proposing to take any action

3  that would constitute substantive consolidation of their estates, but only seek authorization

4  for procedural measures that will simplify and facilitate the efficient administration of their

5  estates.

6        I declare under penalty of perjury that the foregoing is true and correct.

7        Executed on this 21st day of March, 2018, at _____, California.

8

9                                   _____

10                                        Anthony Arnaudy

11

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.      I do not believe that creditors will be adversely affected by joint

administration of the Cases. At this time, the Debtors are not proposing to take any action

that would constitute substantive consolidation of their estates, but only seek authorization

for procedural measures that will simplify and facilitate the efficient administration of their

estates.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of March, 2018, at 905 F Anne, California.
Orlando

Anthony Arnaudy

11150925.1                                    11                    EX PARTE MOTION FOR JOINT
                                                                       ADMINISTRATION

1

## DECLARATION OF BETH E. GASCHEN

2

3      I, Beth E. Gaschen, declare as follows:

4      1.      I am an attorney at law duly licensed to practice before this Court and the

5 Courts of California.  I am a partner of the law firm Weiland Golden Goodrich LLP,

6 proposed counsel for the debtors and debtors-in-possession in this action.  The following

7 is within my own personal knowledge, and if called upon as a witness, I could and would

8 testify competently with respect thereto.  I am submitting this declaration in support of the

9 Ex Parte Motion for Joint Administration Pursuant to 11 U.S.C. § 105(a), Federal Rule of

10 Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1 (the "Motion").  All terms

11 not defined herein shall have the meanings ascribed to them in the Notice and Motion.

12     2.      The Debtors propose that all pleadings related to the Cases shall contain a

13 joint caption in substantially the form attached hereto as Exhibit "1," and that all such

14 pleadings shall be filed and maintained under the existing docket of the lead case, *In re*

15 *Luminance Recovery Center, LLC.*

16     3.      A notice substantially similar to that attached hereto as Exhibit "2" and

17 incorporated herein by reference will be sent to all creditors and will be filed in each of the

18 Cases.

19     I declare under penalty of perjury that the foregoing is true and correct.

20     Executed on this 21st day of March, 2018, at Costa Mesa, California.

21

22                                         */s/ Beth E. Gaschen*

23                                          Beth E. Gaschen

24

25

26

27

28  1159925.1                        12              EX PARTE MOTION FOR JOINT
                                                    ADMINISTRATION

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT "1"

1 | Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
2 | Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
3 | **WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 950
4 | Costa Mesa, California 92626
Telephone    714-966-1000
5 | Facsimile    714-966-1002

6 | Proposed Attorneys for
Debtors and Debtors-in-Possession
7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11 | In re

12 | LUMINANCE RECOVERY CENTER, LLC,
a California limited liability company, *et al.*,
13 |
Debtors and
14 | Debtors-in-Possession.

15 | Affects:

16 | ☐  All Debtors

17 | ☐  Luminance Recovery Center, LLC,
ONLY
18 |
☐  Luminance Health Group, Inc., a
19 | California corporation, ONLY

Case No. 8:18-bk-10969-SC

Chapter 11

(Jointly Administered with Case No.
8:18-bk-10972-SC)

**\*\*\*CAPTION\*\*\***

# EXHIBIT "2"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|

Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
WEILAND GOLDEN GOODRICH LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

☐ *Individual appearing without attorney*
☒ *Attorney for:* Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  Santa Ana Division**

In re: LUMINANCE RECOVERY CENTER, LLC

Debtor(s)

-----------------------------------------------------------------------

In re: LUMINANCE HEALTH GROUP, INC.

Debtor(s)

LEAD CASE NO.: 8:18-bk-10969-SC

CHAPTER: 11

JOINTLY ADMINISTERED WITH:

CASE NO.:  8:18-bk-10972-SC

CASE NO.:

CASE NO.:

CASE NO.:

CASE NO.:
☐ See attached for additional Case Numbers

☒ Affects All Debtors

☐ Affects

☐ Affects

☐ Affects

☐ Affects

☐ See attached for additional Debtors

Debtor(s)

**NOTICE OF JOINT ADMINISTRATION
OF CASES AND REQUIREMENTS
FOR FILING DOCUMENTS**

**[LBR 1015-1]**

[No Hearing Required.]

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES:  An order was entered on (*date*) 03/21/2018   granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                          Page 1                          **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**
EXHIBIT "2", PAGE 14

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. **Other**:

Date: _____          By: _____
                                              Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                                   Page 2                          **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**
                                                                                   EXHIBIT "2", PAGE 15