**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Robert S. Marticello, State Bar No. 244256
rmarticello@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Special Counsel to Richard A. Marshack,
Chapter 7 Trustee



**FILED & ENTERED**

**FEB 07 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte    DEPUTY CLERK

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>LUMINANCE RECOVERY CENTER, LLC, a California limited liability company,<br><br>                        Debtor.<br><br>☐  Affects LUMINANCE RECOVERY CENTER, LLC<br><br>☐  Affects LUMINANCE HEALTH GROUP, INC., a California corporation<br><br>☒  Affects All Debtors | Case No. 8:18-bk-10969-SC<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF CHAPTER 7 TRUSTEE'S SALE AND SETTLEMENT AGREEMENT WITH V&G ASSOCIATES COV, INC. AND LUMINANCE YUBA, LLC, PURSUANT TO 11 U.S.C. §§ 363(b) AND 105, AND RULES 2002, 6004, AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br><u>Hearing Information</u>:<br>DATE:     February 6, 2019<br>TIME:      11:00 a.m.<br>CTRM:     5C, 411 West Fourth St.<br>              Santa Ana, CA |

2781115.1                                                        1                                                        ORDER

At the above date and time, the Court held a hearing on the *Motion for Approval of Chapter 7 Trustee's Sale and Settlement Agreement with V&G Associates COV, Inc. and Luminance Yuba, LLC, Pursuant to 11 U.S.C. §§ 363(b) and 105, and Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure* (the "Motion") that was filed by Richard Marshack, the Chapter 7 Trustee (the "Trustee") of the jointly-administered bankruptcy estates (the "Estates") of Luminance Recovery Center, LLC ("LRC") and Luminance Health Group, Inc. ("LHG" and, together with LRC, the "Debtors").[1] As set forth in the Court's tentative ruling, appearances at the hearing were excused. For the reasons set forth in the Motion and accompanying declarations, on the record, and in this Order (the "Approval Order"),

**THE COURT HEREBY FINDS AND DETERMINES THAT:**[2]

**Jurisdiction, Final Order and Statutory Predicates**

1. The Court has jurisdiction over the Motion and relief requested therein, including responses and objections thereto, if any, under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of the Debtors' cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The Approval Order constitutes a final and immediately appealable order within the meaning of 28 U.S.C. § 158(a).

3. The statutory predicates for the relief sought in the Motion are §§ 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9019 (including any applicable local rules).

**Retention of Jurisdiction**

4. It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of the Approval Order and the

---

[1] Capitalized terms not defined in this Order shall have the meaning given to them in the Motion and the Agreement for which it seeks approval.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052, made applicable to this proceeding under Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Agreement, an executed copy of which is attached to the Notice of Filing of Executed Settlement Agreement filed February 4, 2019 [Dk. 364] as Exhibit "1," and to adjudicate, if necessary, any and all disputes arising under or relating to, or affecting, any of the transactions contemplated under the Agreement.

### Notice of the Motion

5.    The Trustee has provided due and adequate notice of the Motion, the hearing, the Agreement, and the subject matter thereof to all parties in interest under Bankruptcy Rules 2002 and 6004. Such notice was good and sufficient under the particular circumstances, and no further notice is necessary. Without limiting the generality of the foregoing, adequate notice of the Motion, the Hearing, and the Agreement has been provided, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded, to all parties in interest, as described in the Motion. The notice by publication set forth in the Motion is adequate and sufficient for the purposes of due process to provide constructive notice of the Motion to any unknown claimants and/or parties in interest and therefore, this Approval Order is binding on all parties, regardless of whether such parties received actual notice.

### Sound Business Judgment and Reasonableness

6.    The relief requested in the Motion is in the best interests of the Estates, their creditors, and other parties-in-interest. The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion and the approval of the transactions contemplated thereby.

7.    The Agreement, including without limitation, the sale of the Class A Units to V&G Associates COV, Inc. ("V&G") or its nominee free and clear of any and all Claims and Interests, is fair and reasonable and in the best interests of the Estates. The Purchase/Settlement Amount, together with the additional consideration provided by the terms of the Agreement, represents fair and reasonable consideration for the sale of the Class A Units, the release of Claims and Interests, the settlement of the Avoidance Claims, and the other provisions as set forth in the Agreement.

8.  The Trustee has demonstrated the following: that the likelihood of selling the Class A Units – a minority interest in Luminance Yuba, LLC ("Luminance Yuba") with subordinated distribution rights upon a sale of the Property – to another purchaser is remote; that the Trustee's probability of success on the Avoidance Claims is uncertain; that the litigation of the matters resolved by the Agreement would be complex, time consuming, and costly to the Estates; that the compromise embodied in the Agreement is consistent with the reasonable range of potential litigation outcomes; and that approval of the Agreement and the transactions contemplated under the Agreement is in the best interests of the Estates and their creditors.

### Good Faith of Purchaser of the Class A Units

9.  The Agreement was negotiated and proposed, and has been entered into by the Parties, in good faith, from arms'-length bargaining positions, and without fraud or collusion. Each Party to the Agreement was represented by counsel. The sale consideration to be realized by the Estates under the Agreement is fair and reasonable. V&G is a good faith purchaser of the Class A Units for value within the meaning of 11 U.S.C. § 363(m) and is entitled to the protections thereof. Upon consideration of the record as a whole, the Court finds that neither the Trustee, V&G, nor Luminance Yuba, nor any of their representatives, have engaged in any conduct that would: (a) cause or permit the Agreement, or the sale of the Class A Units, to be avoided under 11 U.S.C. § 363(n); (b) cause or permit any amounts, costs, attorneys' fees, expenses, or punitive damages to be recovered under § 363(n); or (c) prevent the application of § 363(m).

### Satisfaction of 11 U.S.C. § 363(f) Requirements

10. The Trustee may sell the Class A Units free and clear of Claims and Interests under 11 U.S.C. § 363(f) because one or more of the criteria set forth in § 363(f)(1)-(5) has been satisfied. Without limiting the generality of the foregoing, those holders of Claims and Interests in or against the Class A Units who did not object, or who withdrew their objections, to the Motion or the relief requested therein are deemed to have consented under § 363(f)(2), the Claims and Interests are in bona fide dispute as contemplated in §

363(f)(4), and each holder of any Claim or Interest in the Class A Units can be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interest as contemplated by § 363(f)(5).  Based on the foregoing and having also consented to the following relief, it is appropriate that the disputed lien of Alleon Capital Partners, LLC ("Alleon") attach to the Purchase/Settlement Amount and the Additional Purchase/Settlement Amount with the same validity and priority and to the same extent as it may have attached to the Estates' interest in the Class A Units, pending further Court order.

**No Successor Liability**

11. The transfer of the Class A Units under the Agreement does not and will not subject or expose V&G or its nominee to any liability, Claim, cause of action, or remedy by reason of such transfer under: (a) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of liability, including, without limitation, any Claims based on tort, creditors' rights, equity, antitrust, environmental, successor or transferee liability, labor law, de facto merger, or substantial continuity; or (b) any employment contract, understanding, or agreement, including, without limitation, collective bargaining agreements, employee pension plans, or employee welfare or benefit plans.

12. V&G (or its nominee) is not assuming any of the Debtors' obligations to its employees (including, without limitation, any obligations under the Debtors' collective bargaining agreements, if any) by reason of the purchase of the Class A Units by V&G under the Agreement.

13. ~~No common identity of officers or directors exists between V&G and the Estates or the Debtors.~~

14. V&G is purchasing the Class A Units under the Agreement and this Approval Order.  V&G is not purchasing any other assets of the Estates.  V&G shall not acquire or assume any responsibility or liability with respect to any of the Estates' other assets or for

any liability of, or Claims against, the Debtors as a result of the purchase of the Class A Units, except to the extent set forth in Paragraph D of this Approval Order.

15.  A sale of the Class A Units other than one free and clear of Claims and Interests, if possible at all, would impact adversely on the Estates and would be of substantially less benefit to the Estates and their creditors.  V&G would not purchase the Class A Units and pay the Purchase/Settlement Amount (or the Additional Purchase/Settlement Amount) were the sale not free and clear of all Claims and Interests.

### Supplemental Injunction

Issuing a supplemental injunction under 11 U.S.C. § 105(a) is essential to give effect to the sale of the Class A Units to V&G or its nominee free and clear of Claims and Interests under § 363(f).  The Injunction as set forth in Paragraph G below is a necessary prerequisite for V&G's and Luminance Yuba's agreement to the terms and conditions of the Agreement, and V&G will not consummate its purchase of the Class A Units in the absence of such a supplemental injunction from this Court.  The terms of the Agreement and related releases granted to V&G and Luminance Yuba by the Trustee and the Estates shall constitute the extinguishment of any and all Claims and Interests against V&G and Luminance Yuba arising out of or relating in any way to the rights, duties or obligations of the Debtors or the Estates in connection with the Class A Units, the IBorrow Loan, the Lease, the Transfer, the Operating Agreement, or the Property, including, but not limited to, the Avoidance Claims.

For all of the foregoing reasons, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

A.  The Motion is **GRANTED** and **APPROVED** in all respects.

B.  Under 11 U.S.C. § 363(b), the Trustee is authorized to enter into and consummate the Agreement, including, without limitation, to sell, transfer, and convey the Class A Units to V&G or its nominee in accordance with the terms and subject only to the conditions specified herein and in the Agreement.  The Trustee, V&G, and Luminance Yuba, LLC ("Luminance Yuba") are each hereby authorized and directed to take all actions

and execute all documents and instruments that the Trustee, V&G, and Luminance Yuba deem necessary or appropriate to implement and effectuate the transactions contemplated by the Agreement.

C. The terms of the Agreement (including, without limitation, the releases set forth in Section 4 of the Agreement) are approved in their entirety, and this Approval Order and the Agreement shall inure to the benefit of the Trustee, the Estates, V&G, Luminance Yuba, and their respective successors and assigns, and shall be binding (including in the event the Cases are dismissed) upon the Trustee, the Debtors, the Estates, V&G, Luminance Yuba, all Persons holding actual or alleged Claims and Interests in the Class A Units or Claims against the Estates, all other parties in interest, and each of the foregoing Persons' and entities' successors and assigns, including, without limitation, any successor trustee or examiner that may be appointed in the Cases (whether under chapter 7 or any other chapter of the Bankruptcy Code). The sale of the Class A Units by the Trustee to V&G or its nominee, effective upon the Approval Date, shall constitute a legal, valid, and effective transfer of the Class A Units and shall vest V&G or its nominee with all right, title, and Interests in and to the Class A Units free and clear of all Claims and Interests under 11 U.S.C. § 363(f).

D. V&G shall pay to the Trustee, on behalf of the LHG Estate, the Purchase/Settlement Amount, as well as any Additional Purchase/Settlement Amount that may become due, as provided in the Agreement.

E. The sale of the Class A Units to V&G or its nominee under the Agreement constitutes a transfer for reasonably equivalent value and fair consideration, including, without limitation, under 11 U.S.C. § 548 and comparable provisions of non-bankruptcy law.

F. Under 11 U.S.C. §§ 105(a) and 363(f) and subject to the consummation, as of the Approval Date, of the sale of the Class A Units as provided under the Agreement, the Class A Units shall be and hereby are transferred to V&G or its nominee free and clear of any and all Claims and Interests of all Persons in, to, and with respect to the Class A

Units, whether arising prior to, during, or subsequent to the Cases or whether imposed by agreement, understanding, law, equity, or otherwise. Nothing contained herein is intended to nor shall be deemed to constitute a determination of the extent, validity, or priority of any such Claims and Interests that may be asserted against the Purchase/Settlement Amount or any Additional Purchase/Settlement Amount that may become due.

G. Under 11 U.S.C. §§ 105(a) and 363(f), all Persons who have held or asserted, who hold or assert, or who may in the future hold or assert, any Claim or Interest of any kind or nature against the Debtors, the Estates, the Class A Units, V&G, or Luminance Yuba based upon, arising out of, or relating in any way to (a) activities of the Debtors that give rise to Claims or Interests in the Class A Units, or (b) the rights, duties, and obligations of the Debtors and the Estates in connection with the Class A Units, the IBorrow Loan, the Lease, the Transfer, the Operating Agreement, or the Property shall be and hereby are permanently stayed, restrained, and enjoined from asserting any such Claims and Interests against V&G and Luminance Yuba, and from continuing, commencing, or otherwise proceeding or taking any action against V&G and Luminance Yuba to enforce such Interests or Claims or for the purpose of directly or indirectly collecting, recovering, or receiving payments from V&G or Luminance Yuba with respect to any such Claim or Interest. Notwithstanding anything in this Approval Order to the contrary, this Approval Order does not resolve, release, impair, enjoin, or affect any existing mechanic's lien rights, or defenses to those alleged rights, related to or asserted by NORR Associates, Inc. against the Property, including claims alleged in *NORR Associates, Inc. v. Luminance Yuba, LLC*, Sutter County Superior Court, case no. CVCS18-0001493. This Approval Order does not in any way modify, change, or alter the respective rights as between NORR Associates, Inc., Luminance Yuba, and V&G.

H. From the date on which this Approval Order becomes a Final Order, any and all Claims and Interests that are enjoined pursuant to Paragraph G of this Approval Order, including the disputed lien of Alleon Capital Partners, LLC, shall attach exclusively to the Purchase/Settlement Amount or any Additional Purchase/Settlement Amount that may

become due, with the same validity, priority and to the same extent as the lien may have attached to the Class A Units, subject to the terms and conditions of the Agreement or as otherwise directed by the Court.

      I.      V&G or its nominee is not, and shall not be deemed to be, a successor to the Debtors or the Estates by reason of any theory of law or equity or as a result of the consummation of the transactions contemplated in the Agreement or otherwise. V&G shall not assume any liabilities of the Debtors or the Estates, except to the extent set forth in Paragraph D of this Approval Order.

      J.      The transactions contemplated by the Agreement, including, without limitation, the sale of the Class A Units to V&G or its nominee free and clear of all Claims and Interests, are undertaken by V&G and Luminance Yuba in good faith, as that term is used in 11 U.S.C. § 363(m). Accordingly, the reversal or modification on appeal of the authorization to consummate the sale of the Class A Units and the other transactions contemplated by the Agreement shall not affect the validity of the sale of the Class A Units to V&G or its nominee, unless such authorization is duly stayed pending such appeal; provided, however, that nothing in this Approval Order shall diminish or impair the right of V&G and Luminance Yuba to terminate the Agreement if this Approval Order is in any way reversed, vacated, or otherwise modified on appeal. V&G or its nominee is a purchaser in good faith of the Class A Units and shall be entitled to all of the protections afforded by § 363(m).

      K.      The transactions contemplated by the Agreement shall not be subject to avoidance under 11 U.S.C. § 363(n). All Persons are hereby enjoined from commencing or continuing any action seeking relief under § 363(n) with respect to the Agreement and the transactions contemplated under the Agreement.

      L.      Under Bankruptcy Rule 9019, the settlement and mutual release of Claims and Interests as set forth in the Agreement are hereby approved. All of the Claims and Interests released under the Agreement are hereby dismissed and forever released effective as of the Approval Date. This Approval Order shall be effective and enforceable

immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

M.  All of the Trustee's obligations under the Agreement shall be treated as post-petition obligations, and any damages resulting from a material breach of such obligations under the Agreement shall be treated as post-petition administrative expenses of the Estates under 11 U.S.C. §§ 503(b) and 507(a)(1).

N.  Effective immediately upon payment of the Purchase/Settlement Amount, and without any further action by any of the Parties, all of the Trustee's rights, and the rights of all other Persons (other than V&G or its nominee and Luminance Yuba), arising out of or relating in any way to the Class A Units shall be permanently and irrevocably extinguished, as if the Class A Units had never been owned by LHG.

O.  The failure specifically to include or reference any particular provision of the Agreement in this Approval Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be, and hereby is, authorized and approved in its entirety.

P.  Notice of the Motion, including the notice by publication set forth in the Motion, was adequate and sufficient to provide constructive notice of the Motion to any unknown claimants and/or parties in interest, such that this Approval Order is binding and enforceable against all such parties, regardless of whether they received actual notice.

Q.  This Court shall retain jurisdiction to interpret and enforce the provisions of this Approval Order and the Agreement in all respects, including, without limitation, Paragraph G of this Order, and to adjudicate, if necessary, any and all disputes arising under or relating in any way to, or affecting, any of the transactions contemplated under the Agreement; provided, however, that in the event this Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Agreement or this Approval Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit, the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.  Such

jurisdiction shall be retained even if the Cases are closed, and the Cases may be reopened for such purpose.

R.    Each and every federal, state, and local governmental agency or department is hereby directed to accept this Approval Order in lieu of any document necessary to consummate the transactions contemplated by the Agreement and this Approval Order.

S.    Nothing contained in any order dismissing one or both of the Cases shall conflict with or derogate from the provisions of the Agreement, any documents or instruments executed in connection with the Agreement, or the terms of this Approval Order.

It is so **ORDERED.**

###

Date: February 7, 2019

Scott C. Clarkson
United States Bankruptcy Judge