D. EDWARD HAYS, #162507
ehays@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620-5749
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

**FILED & ENTERED**

**APR 29 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte      DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>LUMINANCE RECOVERY CENTER, LLC<br>A California limited liability company, et al.,<br><br>                    Debtors,<br><br>Affects:<br><br>☒    ALL DEBTORS<br><br>☐    Luminance Recovery Center, LLC, ONLY<br><br>☐    Luminance Health Group, Inc., a California corporation, ONLY | Case No.: 8:18-bk-10969-SC<br>(Lead Case)<br><br>Case No.: 8:18-bk-10972-SC<br>(Jointly Administered Case)<br><br>Chapter 7<br><br>ORDER GRANTING TRUSTEE'S MOTION AUTHORIZING SALE OF REAL PROPERTY: (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS;(C) SUBJECT TO OVERBIDS AND (D) FOR DETERMINATION OF GOOD FAITH PURCHASERS UNDER § 363(M)<br><br>Hearing:<br>Date:    April 28, 2021<br>Time:   11:00 a.m.<br>Ctrm:   5C – ZoomGov |

On April 28, 2021, the Court conducted a hearing on Richard A. Marshack, Chapter 7 Trustee ("Trustee") of the jointly administered Bankruptcy Estates ("Estates") of Luminance Recovery Center, LLC ("LRC") and Luminance Health Group, Inc. ("LHG," and collectively with LRC, "Debtors"), motion for order authorizing the sale of real property ("Motion") located and commonly known as 28192 Las Brisas Del Mar, San Juan Capistrano, CA 92675; APN: 675-401-19

1

("Property"): (A) outside the ordinary course of business; (B) free and clear of liens, claims, and encumbrances; (C) subject to overbid; and (D) for determination of buyer as a good faith purchaser under 11 U.S.C. § 363(m) and to eliminate the 14-day stay on the effectiveness of any order approving the sale, filed on April 7, 2021, as Dk. No. 525 ("Motion")[1]. All appearances were noted on the record.

The Court has considered the Motion and its supporting evidence, the notice of Motion, the Supplement to the Motion ("Supplement") filed on April 21, 2021, as Dk. No. 532, all other pleadings and papers filed in this case, and the oral arguments of counsel on the record at the hearing. At the hearing, an auction of the Property occurred on the record. The successful overbidder was Alexander and Jennifer Santana ("Buyers") for $1,897,000. The next highest bid was submitted by Marlon Escota in the amount of $1,896,000 ("Back-up Bidders")."

The sale to the Buyers shall be pursuant to a California Residential Purchase Agreement and Joint Escrow Instructions and Trustee's Addendum ("PSA") in substantially the form as that attached to the Motion as Exhibit "1" The Trustee, the Buyers, and Back-up Bidders have exercised good faith within the meaning of 11 U.S.C. § 363(m) in connection with the negotiation, execution, delivery, and consummation of the sale of the Property. For these reasons, and for the reasons set forth in the Motion and on the record, the Court rules as follows:

IT IS ORDERED:

1. The Motion is granted;

2. A sound business purpose exists for the sale of the Property;

3. Alexander and Jennifer Santana are the approved Buyers for the Property at a sales price of $1,897,000, which is a fair and reasonable price.

4. The proposed overbid procedures are approved, as modified on the record;

5. The sale is made in good faith and Buyers are good faith purchasers entitled to protections under 11 U.S.C. §363(m);

6. Purchase and Sale Agreement and Escrow Instructions, including addendums attached to the Motion as Exhibit "1," are approved, except as modified by paragraph 3 above;

---

[1] All terms not defined in this order are used as they are defined in the Motion.

2

7. If the sale to the Buyers does not close within 30 days of entry of this order, the Back-up Bidders are approved as back-up buyers from the Property for a sale price of $1,896,000;

8. The Trustee may hold the Back-up Bidders deposit, but the Trustee is authorized to return the Back-up Bidders deposit at any time upon written request by the Back-up Bidders without further order of this Court;

9. The Back-up Bidders are entitled to the protections set forth in 11 U.S.C. § 363(m) as a good faith purchaser;

10. The Trustee is authorized to return the original stalking horse bidder deposit made by John and Suzanne Woodfield upon entry of this Order;

11. The Trustee is authorized to sell the Property outside the ordinary course of business and is further authorized to pay, pursuant to demands submitted to escrow, all liens and encumbrances to the extent provided herein;

12. The Trustee is authorized to sign all documents necessary to consummate the sale and close escrow, including, but not limited to, PSA, grant deed and escrow instructions;

13. The sale of the Property shall be "as-is" and "where-is" with all faults and without warranty, representation, or recourse whatsoever;

14. Trustee and/or escrow are authorized to pay the commission of 5% of the sale price;

15. The Trustee and/or escrow are authorized to pay all customary costs of sale;

16. The Trustee and/or escrow are authorized to pay all property taxes;

17. The Trustee and/or escrow are authorized to reimburse Agents for his out-of-pocket costs, if any, as set forth on invoices provided to and approved by Trustee up to $5,000 as provided for in the application to employ the Agent;

18. The Property is sold free and clear of all liens, claims, and interests including the Chase DOT pursuant to 11 U.S.C. §§ 363(f)(3) and Trustee and/or escrow are authorized to pay the Chase DOT;

19. The Property is sold free and clear of all liens, claims, and interests including the HOA Lien pursuant to 11 U.S.C. §§ 363(f)(3) and Trustee and/or escrow are authorized to pay the HOA Lien;

20. The Property is sold free and clear of all liens, claims, and interests including Judgment Lien #1 pursuant to 11 U.S.C. §§ 363(f)(4), with liens attaching to proceeds until further order of this Court;

21. The Property is sold free and clear of all liens, claims, and interests including Judgment Lien #2 pursuant to 11 U.S.C. §§ 363(f)(4), with liens attaching to proceeds until further order of this Court

22. Property is sold free and clear of all liens, claims, and interests, including IRS Liens pursuant to 11 U.S.C. §§ 363(f)(4), with liens attaching to proceeds until further order of this Court;

23. Should Buyers not timely complete the purchase of the Property pursuant to the terms of the PSA, Buyers deposit shall be forfeit;

24. This Court retains jurisdiction: (a) to interpret, enforce, and implement the terms and provisions of this sale; and (b) to resolve any disputes arising under or related to this order; and

25. The 14 day stay regarding the effectiveness of the order shall be waived.

###

Date: April 29, 2021

Scott C. Clarkson
United States Bankruptcy Judge